**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

BRODERICK D. ALLEN
ADC #133084                                                                                                        PLAINTIFF

V.                                            4:09CV00406 JLH/JTR

DOES, Park Plaza Mall Security Guard,
Chief & Security Officer of Loss Prevention,
Store Manager for Dillards Department Store,
Arkansas State Police Officer,
Pulaksi County Sheriff's Department Officer;
and METCALF, Little Rock Police Department Officer                         DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, who is currently incarcerated at the Randall Williams Correctional Facility of the Arkansas Department of Correction, has filed a *pro se* § 1983 Complaint and an Amended Complaint. *See* docket entries #2 and #5. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, with prejudice.

## II. Discussion

On June 2, 2009, Plaintiff commenced this action alleging that, on December 24, 2004, Defendant Little Rock Police Officer Metcalf and several Park Plaza Mall security guards used excessive force when they apprehended and questioned him regarding a shoplifting offense.[1]

---

[1] Plaintiff was ultimately convicted of robbery. *See* docket entries #2 and #5. If Plaintiff wishes to challenge his robbery conviction or sentence, he must file a habeas action, after he has fully exhausted all available remedies in state court. *See* 28 U.S.C. § 2254(b)(1); *Preiser v.*

*See* docket entries #2 and #5.

Although the statute of limitations is an affirmative defense, a district court may properly dismiss an *in forma pauperis* complaint as "frivolous" when it is apparent from the face of the complaint that the statute of limitations has run. *Myers v. Vogal*, 960 F.2d 750, 750-51 (8th Cir. 1992); *Denoyer v. Dobberpuhl*, Case No. 99-3941, 2000 WL 199764 (8th Cir. Feb. 18, 2000) (unpublished opinion) (same). In an Arkansas § 1983 action, the applicable statute of limitations is three years. *Miller v. Norris,* 247 F.3d 736, 739 (8th Cir. 2001); *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (same).

The conduct by the Defendants giving rise to Plaintiff's § 1983 claims occurred over four years *before* Plaintiff initiated this action on June 2, 2009. Thus, this case is clearly barred by the three-year statute of limitations.

Nevertheless, Plaintiff may proceed if he can establish equitable tolling. The law of the state where the action arose governs the equitable tolling principles that apply in a § 1983 action. *Wallace v. Kato*, 549 U.S. 384, 394 (2007); *Hardin v. Straub*, 490 U.S. 536, 538-39 (1989). Under Arkansas law, the limitations period may be tolled *only* if: (1) a defendant fraudulently conceals the existence of the cause of action; or (2) the plaintiff was under 21 years old or insane when the cause of action accrued. *See* Ark. Code Ann. §§ 16-56-116 and 120; *Brennan v. Wadlow*, 270 S.W.3d 831, 834 (Ark. 2008).

On June 9, 2009, the Court entered an Order instructing Plaintiff to file an Amended Complaint explaining, among other things, why this case should not be dismissed as time barred. *See* docket entry #3. In his Amended Complaint, Plaintiff states that he could not have commenced

---

*Rodriguez*, 411 U.S. 475, 500 (1973); *Echols v. Kemna*, 511 F.3d 783, 785 (8th Cir. 2007).

this action earlier because he has been incarcerated and has had limited access to documents necessary to substantiate his claim.² *See* docket entry #5. On its face, this is *not* a ground for equitable tolling under Arkansas law. Accordingly, this action is time barred and should be dismissed, with prejudice.

### III. Conclusion

IT IS THEREFORE ORDERED RECOMMENDED THAT:

1. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, this case be DISMISSED, WITH PREJUDICE, because it is barred by the three-year statute of limitations.

2. Dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).³

3. The Court CERTIFY, pursuant 28 U.S.C. § 1915A, that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 15th day of July, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

---

²In order to assert this § 1983 action, within the three-year limitations period, Plaintiff clearly did not need *any document* to "substantiate his claim."

³ 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."